IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| -vs- | § SA-22-CR-457-XR |
| MARIO ALBERTO GUERRA, *Defendant* | § |

# ORDER

On this date, the Court considered the Defendant's Motion to Dismiss Indictment (ECF No. 102) and the Government's response thereto (ECF No. 105). After careful consideration, and after hearing oral argument on August 13, 2024, the Court issues the following order.

The Defendant, Mario Alberto Guerra, is charged with violating 18 U.S.C. § 922(g)(1) (felon in possession). The Government alleges that on or about March 3, 2022, the Defendant was in possession of pistols, rifles, and other prohibited accessories.[1] Before this offense, he had previously been convicted of burglary of a vehicle, attempted murder, and robbery. Relying upon the Supreme Court's opinion in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen,* 597 U.S. 1, 17 (2022), and a host of other arguments, he seeks dismissal of the indictment against him.

Despite the Defendant's arguments, *Bruen* did not unequivocally overrule *Darrington*[2], which remains binding precedent in the Fifth Circuit. *United States v. Jimenez*, No. 23-10213, 2024 WL 1429426, at *1 (5th Cir. Apr. 3, 2024) (rejecting arguments that § 922(g)(1) violates the

---

[1] *See also* ECF No. 39, Govt's Exhibit List tendered in the detention hearing (listing weapons, ammunition, and machine gun conversion kits found at Defendant's residence).
[2] *United States v. Darrington*, 351 F.3d 632, 633 (5th Cir. 2003) (upholding the constitutionality of § 922(g)(1)).

Second Amendment in light of *Bruen* and that § 922(g)(1) is unconstitutional because it exceeds Congress's authority under the Commerce Clause).

As to the Defendant's argument that 18 U.S.C. § 922(g)(1) is unconstitutional as applied to him considering *Bruen*, that argument also fails. Defendant argues that he was convicted of the predicate offenses over 30 years ago and that he no longer poses a credible threat or is dangerous.

Post *United States v. Rahimi*, 144 S. Ct. 1889 (2024), it is very unclear how trial courts are to analyze these arguments. In *Rahimi*, the Supreme Court stated: "Our tradition of firearm regulation allows the Government to disarm individuals who present a credible threat to the physical safety of others." *Rahimi*, 144 S. Ct. at 1902. But it also said that the Government cannot disarm an individual "simply because he is not 'responsible.'" *Id.* at 1903. That is because that term is vague. *Id*.

Both the Defendant and the U.S. Attorney's Office in this case appear to suggest that in determining whether a person is a "credible threat to the physical safety of others", a trial court looks to events at the time of arrest, as well as the predicate offenses. The Defendant argues that this conclusion is proper for the trial court to make in deciding a motion to dismiss. This Court questions whether this is a fact issue that a jury must determine at a trial. The Government acknowledges this question may be a mixed question of law and fact but offers no position at this time on whether this raises a factual issue for a jury's consideration.

Introducing evidence of a defendant's "credible threat to the physical safety of others" would prompt concerns that a jury would be "tainted" by those facts in considering whether the defendant was in actual or constructive possession of a weapon. This, of course, would prompt tension with the Supreme Court's opinion in *Old Chief v. United States*, 519 U.S. 172 (1997).[3]

---

[3] "Fearing prejudice if the jury learns the nature of the earlier crime, defendants sometimes seek to avoid such an informative disclosure by offering to concede the fact of the prior conviction. The issue here is whether a district

Assuming the issue of "credible threat to the physical safety of others" is an issue solely for the Court in the context of a motion to dismiss, this Court finds that this Defendant is a "credible threat." One of the weapons found at the Defendant's residence was not "serialized."[4] Multiple kits were found that could convert a semiautomatic weapon into a machinegun.[5] ATF agents testified that they found evidence that the Defendant was assisting in the selling of these weapons to potential buyers in Mexico.[6] As stated above, although the predicate convictions occurred decades ago, the Defendant has been previously convicted of serious, dangerous offenses.[7]

This Defendant's past criminal history and the allegations of current criminal activity, is much different than the marijuana use considered in *United States v. Daniels*, 77 F.4th 337, 355 (5th Cir. 2023), cert. granted, judgment vacated, No. 23-376, 2024 WL 3259662 (U.S. July 2, 2024).[8] And in *Daniels*, the Fifth Circuit stated: "We conclude only by emphasizing the narrowness of [our] holding. We do not invalidate the statute in all its applications, but, importantly, only as applied to Daniels. Nor do we suggest that a robust Second Amendment is incompatible with other reasonable gun regulations." *Daniels*, 77 F.4th at 355.

The motion to dismiss is **DENIED**.[9]

---

court abuses its discretion if it spurns such an offer and admits the full record of a prior judgment." *Old Chief*, 519 U.S. at 174.
[4] Transcript of detention hearing held on October 31, 2002, ECF No. 55 at 11.
[5] *Id*. at 17.
[6] *Id*. at 20.
[7] This Court rejects Defendant's argument that his "predicate felony convictions do not necessarily suggest that he is particularly 'dangerous.'" ECF No. 102 at 26.
[8] This case is also very different than the facts in *Range v. Att'y Gen. United States of Am.*, 69 F.4th 96, 98 (3d Cir. 2023), cert. granted, judgment vacated sub nom. *Garland v. Range*, No. 23-374, 2024 WL 3259661 (U.S. July 2, 2024). In *Range*, the defendant's predicate offense was making a false statement to obtain food stamps.
[9] Inasmuch as the Fifth Circuit's opinion in *Daniels* was vacated by the Supreme Court for further consideration in light of *United States v. Rahimi*, 144 S. Ct. 1889 (2024), this Court will not undertake any "historical analysis" other than to note that the Supreme Court has stated that gun restrictions on non-dangerous felons are presumptively lawful. *Rahimi*, 144 S. Ct. at 1891. It should be left to the Congress to make any exceptions to the felon-in-possession statute. Otherwise, any case-by-case analysis of whether a convicted felon's indictment should be dismissed will result in a mass of unexplainable and differing results.

It is so **ORDERED**.

**SIGNED** this 13th day of August, 2024.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE